WILLIAM J. CALLAWAY, plaintiff in error, vs. THOMAS N. HOPKINS, defendant in error.

1. Evidence adduced on the trial of a case in the Superior Court, whether oral or written, must appear in the bill of exceptions, certified by the presiding Judge, and cannot be supplied by the transcript of the record; and herein of their distinct and appropriate uses.

*Habeas Corpus*, from Wilkes Superior Court. Decided by Judge THOMAS, at the March Term, 1863, adjourned to May, 1863.

The record does not fully present the facts of this case to the Supreme Court.

It appears that the defendant, Thomas N. Hopkins, was enrolled as a conscript by William J. Callaway, an enrolling officer of the Confederate States, acting in the county of Wilkes. Hopkins was then sent to the Camp of Instruction at Decatur, Georgia. On the 27th of January, 1863, he was examined by an assistant surgeon, and the following discharge granted to him, to-wit:

"CAMP OF INSTRUCTION, CAMP RANDOLPH, DECATUR, GEORGIA, January 27th, 1863.

Thomas N. Hopkins, aged 39 years, dark complexion, dark hair, gray eyes, 5 feet 11¼ inches high, having been duly examined by Dr. J. M. Meggett, Assistant Surgeon of the Camp, and pronounced by him unfit for military service, on account of "irreducible hernia," is hereby exempted from the operation of the Conscript Act, and all enrolling officers will report the same accordingly.

By order of Major Charles S. Hardee, and Commandant of Camp of Instruction, No. 2.

ALFRED PRESCOTT, Adjutant of Camp."

Afterwards, Callaway, by virtue of various orders, called upon all free white males, between the ages of eighteen and forty years, to appear before a surgeon for examination. Hopkins appeared, and was examined by the appointed surgeon, Dr. Green B. Powell, and pronounced by said surgeon not

Callaway *vs.* Hopkins.

exempt, but subject to military duty, whereupon he was again arrested, and ordered back to the camp of instruction. Hopkins then applied for a *habeas corpus,* which was granted.

Upon hearing the *habeas corpus* the presiding Judge discharged Hopkins from arrest, on the ground that the discharge granted to him at the camp of instruction was final.

In the certificate to the bill of exceptions, the presiding Judge declines to certify that there was any evidence adduced before him at the hearing of the *habeas corpus,* relative to the orders under which Callaway proceeded, or of Hopkins' re-examination by Dr. Powell, so that this Court has none of the facts of the case, verified by the certificate of the presiding Judge, except the discharge granted to Hopkins at the camp of instruction.

The decision of the Court discharging Hopkins is the error complained of.

SAMUEL BARNETT, for plaintiff in error.

GREENLEE BUTLER (representing W. M. REESE) *contra.*

*By the Court*—JENKINS, J., delivering the opinion.

In the argument of this case it became apparent to the Court, that it was incumbered with difficulties, which would probably preclude a full investigation of its merits. The facts involved are not stated in the bill of exceptions. The statement is, that the case "came up to be heard, upon the grounds set forth in said writ, and in the answer of William J. Callaway thereto, as will more fully appear by the transcript of the record, hereto annexed, *and the exhibits, which said exhibits set forth all the facts of the case.*" In an addendum to his certificate, the Judge who tried the case below, states that " the bill of exceptions does not contain all the evidence, material to a clear understanding of the case—in fact contains no evidence at all." His Honor then proceeds to set forth the evidence, upon which his judgment was founded, viz: a discharge granted the applicant, by the commandant of a camp of instruction, on account of physical in-

firmity, certified by the surgeon of the camp. And this is all the evidence before this Court.

The plaintiff in error, in his return to the *habeas corpus*, sought to evade the effect of this discharge, by certain proceedings of subsequent date, which he recites at large, and to some of which the exhibits to his answer refer. It does not appear that evidence of those proceedings was adduced in the Court below, and some of them his Honor expressly ignores. When the counsel for plaintiff in error was proceeding to refer to some of the exhibits to his answer, appearing in the transcript of the record, the opposing counsel objected that this Court could take cognizance, as evidence in the case, only, of what was recited in the bill of exceptions and certified by the Judge, to whose decision exception is taken. This is certainly the rule of practice here. It is necessary to keep in view the appropriate and distinct uses of the transcript of the record, and of the bill of exceptions, for each is indispensable, and no material defect in either, can be supplied by the other. The former should include the petition or initiative proceeding, the process and return of service, the pleadings which make up the issue, whether of law or fact, tried in the Court below, and all orders, interlocutory decrees, issues, verdicts, judgments, appeals and other things, necessary to show the status of the case in that Court. The latter is designed to set forth the incidents of the trial, the evidence adduced, and the points made and decided in its progress, if exception be taken to the decisions. These do not become, necessarily matters of record—are not supposed to be within the knowledge of the Clerk who prepares the transcript, and can be known to this Court, only by the bill of exceptions, certified by the Judge presiding at the trial.

Applying these rules of practice, we reach the conclusion, first, that the defendant in error made a *prima facie* case in the Court below; and secondly, that for lack of evidence, we cannot adjudicate the points made by the plaintiff in error. The judgment below, therefore, stands affirmed.

Let the judgment be affirmed.